UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
Civil Action No. 3:08cv40/MCR/MD

DEBORAH BONN, *et al.*,           )
                                  )
    Plaintiffs,                  )
                                  )   **PLAINTIFFS' OPPOSITION TO**
v.                                )   **"VERTEX'S MOTION TO APPLY**
                                  )   **FLORIDA WRONGFUL DEATH ACT"**
L-3 COMMUNICATIONS                )
VERTEX AEROSPACE, LLC,            )
                                  )
    Defendants.                  )

    Plaintiffs Deborah Bonn, *et al.*, respectfully submit this opposition to the motion for the application of Florida's Wrongful Death Act to this action submitted by defendant L-3 Communications Vertex Aerospace LLC (hereafter "Vertex").

    Although Vertex agrees:

        (a)    this litigation seeks damages on behalf of a decedent who was domiciled in Pennsylvania,

        (b)    the litigation is against a defendant which is a domiciliary of Mississippi,

        (c)    the cause of action arises out of a crash which did not occur in Florida,

        (d)    that based on U.S. Supreme Court precedent, New York choice of law rules apply in this case, and

        (e)    New York follows an "interest analysis" conflicts resolution methodology,

it nonetheless argues for the application of Florida damages law. This argument is without merit. Pursuant to the "interest analysis" approach that New York courts apply, which Vertex recognizes governs this matter, when the litigants are domiciled in different jurisdictions from each other and the place of the accident is not one of the parties' domicile, under New York law

a court must apply the law of the state where the tort occurred or the state with the greatest interest in the resolution of the issue at hand, not the state with the "most significant contacts" to the dispute.[1]  With respect to the damages issues in this case, a New York court would not apply Florida law, a state where no party to this action is domiciled and where the crash did not occur, because Florida has no interest in the application of its damages law to this matter.  *See, Neumeier v. Kuehner*, 31 N.Y.2d 121 (1972).  Pennsylvania, on the other hand, as the domicile of the decedent and her survivors, has a predominant interest in the protection of the plaintiffs' recovery in this case, which New York courts recognize as the "greatest interest" when weighing competing damages laws, and with which Georgia substantive law does not conflict.  *Id.*  Under New York law, Pennsylvania supplies the measure of damages in this case.

Moreover, how New York might have resolved similar conflicts in the related *Manse* and *Davis* claims has no bearing here; and, even if it did have some analogous link, that legal determination would have little weight at this juncture since, as Vertex points out (*see* footnote 1, page 2 of Vertex Memorandum), those cases have been settled.

### ARGUMENT

Vertex agrees with plaintiffs that it is *Neumeier*'s third rule that should govern the choice of law determination at issue. *Neumeier v. Kuehner*, *supra*.  Under that rule, when the tort occurs in neither parties' domicile, New York applies (1) the damages law of the place of the tort or (2) another state's damages law if application of that law "will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great

---

[1] Though Vertex purports to accept that New York is an "interest analysis" jurisdiction, it nevertheless uses the language of the test set forth in the Restatement (Second) of Conflicts of Laws, *i.e.* the "most significant relationship" inquiry.  While plaintiffs contend that the result would be the same under either an "interest analysis" or a "most significant relationship" test, this Court must apply the law of the State of New York, and New York has not adopted the approach set forth in the Restatement (Second) of Conflicts of Laws.

2

uncertainty for litigants." *Id.*, at 128-129. Here, as indicated in plaintiffs' motion, the law of decedent's domicile, Pennsylvania, and the law of the place of the crash, Georgia, do not substantively differ. If there was a difference, moreover, New York precedent holds that because the domiciliary jurisdiction's law will better protect the interests of the decedent's estate and survivors, Pennsylvania damages law must apply. *Long v. Pan Am*, 16 N.Y.2d 337 (1965).

Indeed, the cases Vertex primarily relies upon support the application of Pennsylvania law. In *King v. Car Rentals, Inc.*, 29 A.D.3d 205 (2d Dept. 2006),[2] a New York domiciliary (with substantial New Jersey contacts) rented a car in New Jersey. The plaintiff was the renter's passenger and was also domiciled in New York, while one of the defendants, a car rental company, was domiciled in New Jersey. There was an accident in Canada. Under those circumstances, as here, the third *Neumeier* test applied. *See id.*, at 452 (the trial court "correctly held that the determination in this case was governed by the third *Neumeier* rule"). In the context of a loss-allocating choice of law problem, such as what damages law to apply, where no party was domiciled in Canada, the accident location was deemed to be wholly "adventitious." *Id.* at 214. With the location of the accident therefore having no interest in the outcome of the damages determination, and the domiciliary jurisdictions of the parties having a "sound basis," in seeing their respective laws applied, 29 A.D.3d at 218, the *King* court weighed the relative interests that both New York (the domicile of the plaintiff and driver), and New Jersey (the domicile and primary place of business of the car rental defendant, the place deliberately chosen by the driver and plaintiff to rent a vehicle due to the lower car rental rates -- partly attributable to the absence of vicarious liability under New Jersey law -- and a state with which the driver

---

[2] The Appellate Division in New York is a division of the Supreme Court, the Court in New York with original trial jurisdiction. New York's highest court is the Court of Appeals. Appeals from the Appellate Division are made to the Court of Appeals.

had substantial contacts) to resolve the conflict.[3]  The court then concluded that New Jersey had the greatest and strongest interest in the application of its law, which, unlike New York, did not permit recovery under a theory of vicarious liability.  The court reasoned that New Jersey had the greater interest in the application of its damages laws because that law provided the New Jersey defendant certain benefits and protections not available under New York law.  Upon analysis, this case supports plaintiffs' analysis, not Vertex's.

Vertex's reliance on *Devore v. Pfizer, Inc.*, 58 A.D.3d 138  (1st Dept. 2008), is similarly misplaced.  In *Devore*, the Court applied the conduct –regulating law of the place where the plaintiffs were domiciled as well as where the injuries occurred.  Also inapplicable to the choice of law analysis in this case is *Barkanic v. General Admin. of Civil Aviation of the People's Republic of China*, 923 F.2d 957 (2d Cir. 1991).  *Barkanic* was a second *Neumeier* test, and thus is inapplicable to the dispute here. *See id.* at 963.  ("Accordingly, based on the second *Neumeier* rule, we affirm the district court's application of Chinese law") (emphasis added).

Finally, the domicile of the decedents killed in this crash whose actions have settled is irrelevant to the choice of law issue with respect to the damages law available to the Bonn plaintiffs.  Even if those cases were still active, however, under *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189 (1985), a court faced with multiple parties with different domiciles should apply separate choice of law analyses to each of the different plaintiffs.  *See id.* (in that case applying first and third *Neumeier* tests to different parties).  Vertex's extensive discussion of the *Davis* and *Manse* cases is totally irrelevant to the choice of law issue in Bonn.

---

[3] As indicated in plaintiffs' motion papers, the comparable jurisdictions in this case would be Pennsylvania, Georgia and Mississippi as Vertex's domicile, all of which allow a recovery for the future loss of net earnings.  Vertex's papers improperly completely ignore Mississippi damages law.

4

## **CONCLUSION**

For the foregoing reasons, and on the grounds previously set forth in their motion for the application of Pennsylvania's damages law, plaintiffs respectfully request that this Court deny Vertex's motion for the application of Florida's Wrongful Death Act.

RESPECTFULLY SUBMITTED this 15th day of October, 2009.

/s/ Francis G. Fleming
Francis G. Fleming, Esquire
Daniel O. Rose, Esquire
Anthony Tarricone, Esquire
Megan Benett, Esquire
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10007
Telephone:   (212) 687-8181
Facsimile:   (212) 972-9432
ffleming@kreindler.com
drose@kreindler.com
atarricone@kreindler.com
mbenett@kreindler.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of New York, is attorney of record for plaintiffs and is a person of such age and discretion as to be competent to serve process.

That on October 15, 2009, a copy of **PLAINTIFFS' OPPOSITION TO DEFENDANT VERTEX'S MOTION TO APPLY FLORIDA'S WRONGFUL DEATH ACT** was served upon all parties on this 28th day of September, 2009, via the Court's CM/ECF system.

/s/ Francis G. Fleming
Francis G. Fleming, Esquire
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432

*Attorneys for Plaintiffs*